1  **WILLKIE FARR & GALLAGHER LLP**
   BENEDICT Y. HUR (SBN 224018)
2    bhur@willkie.com
3  SIMONA AGNOLUCCI (SBN 246943)
     sagnolucci@willkie.com
4  YUHAN ALICE CHI (SBN 324072)
5    ychi@willkie.com
   333 Bush St., 34th Floor
6  San Francisco, CA 94104
7  Telephone: (415) 858-7400

8  Attorneys for Defendant
   GOOGLE LLC
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                       **WESTERN DIVISION**

13

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | Case No. |
| | [Los Angeles County Superior Court Case No. 24STCV00181] |
| Plaintiff, | |
| v. | **DEFENDANT GOOGLE LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| PHE, INC. and GOOGLE LLC | |
| Defendants. | **CLASS ACTION** |
| | Action Filed: January 3, 2024 |
| | Removal: February 7, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Google LLC ("Google"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles ("Los Angeles Superior Court"), in which it is now pending, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds of removal, and attached hereto as Exs. 1–6 are copies of all process, pleadings, and orders served to date in this case. Defendant PHE Inc. consents to removal.

## I. PROCEDURAL HISTORY

1. On January 3, 2024, Plaintiff Jane Doe ("Plaintiff") initiated an action in Los Angeles County Superior Court against PHE, Inc. and Google, on behalf of herself and a putative class, captioned *Jane Doe, on behalf of herself and all others similarly situated v. PHE, Inc. and Google LLC*, Case No. 24STCV00181 (the "Superior Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. The Complaint alleges one cause of action against Google for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630–638.55. *See* Ex. 1 at ¶¶ 15–22 (pg. 29). The Complaint alleges that Google had an agreement with PHE—which operates an adult products website—whereby PHE used Google Analytics on PHE's website, allowing Google to access confidential communications from website users without consent and in violation of CIPA. *See id.* at ¶¶ 37–38, ¶¶ 18–20 (pg. 29).

3. Google was served with the Complaint on January 8, 2024. A true and correct copy of the Proof of Service of Summons filed January 12, 2024 is attached hereto as **Exhibit 2**.

4. The docket in the Superior Court Action consists of:

    a. The Complaint dated January 3, 2024 which is attached hereto as **Exhibit 1**;

    b. The Proof of Service of Summons dated January 12, 2024 which is attached hereto as **Exhibit 2**;

    c. The Summons dated January 3, 2024, a true and correct copy of which is attached hereto as **Exhibit 3**;

    d. The Civil Case Cover Sheet dated January 3, 2024, a true and correct copy of which is attached hereto as **Exhibit 4**; and

    e. The Notice of Case Assignment – Unlimited Civil Case dated January 3, 2024, a true and correct copy of which is attached hereto as **Exhibit 5**;

    f. Other documents including Los Angeles Superior Court's Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations, and defendant PHE Inc.'s notice of appearance – a true and correct copy of these documents are attached hereto as **Exhibit 6**.

## II.   GROUNDS FOR REMOVAL

5. Plaintiff's claims are removable because CAFA provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.,* minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims, and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (5(B). Each requirement is met here.

6. In fact, Plaintiff filed a complaint in federal court in the Central District of California that premised jurisdiction on CAFA. Compl. ¶ 9, *Doe v. PHE, Inc.,* No. 2:23-cv-08021 (C.D. Cal. Sept. 25, 2023), ECF No. 1. This filing provides further proof that this Court has original jurisdiction under CAFA.

### A. Minimal Diversity

7. At least one class member and one defendant are citizens of different states. *Grupo Dataflux v. Atlas Global Grp.,* L.P., 541 U.S. 567, 577 n.6 (2004) ("We understand 'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from one party on the other side of the case . . . ."). Plaintiff is a citizen of California, Ex. 1 at ¶ 12, and Defendant PHE is a citizen of North Carolina, *id*. at ¶¶ 10, 14.

8. Because at least one member of the class, Plaintiff, is a citizen of a different state (California) from Defendant PHE (North Carolina), minimum diversity is satisfied.

### B. Plaintiff Pleads The Class Size is Over 100

9. Plaintiff pleads that "thousands of California residents visit PHE's Website each year." *Id*. at ¶ 19. These users make up the putative class. *See id*. at 24 (defining class as including "thousands of members"); *see also id*. at 25 ("There are thousands of individuals who have used the Website and searched for adult products in California.").

10. The Complaint's allegations are therefore sufficient on their face to meet the class size requirement for CAFA. *See* 28 U.S.C. § 1332(d)(5)(b) (requiring class size to be greater than 100 to confer original jurisdiction under CAFA); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1043 (N.D. Cal. 2019) (finding proposed class exceeded 100 members where the complaint alleged the class comprised of "thousands of individuals*"); Jian-Ming Zhao v. RelayRides, Inc.,* No. 17-CV-04099-JCS, 2017 WL 6336082, at *5 (N.D. Cal. Dec. 12, 2017) (same).

### C. The Amount In Controversy Exceeds $5,000,000

11. A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2) (conferring original jurisdiction when "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (requiring defendant to produce evidence supporting amount in controversy only when plaintiff contests or the court questions jurisdiction).

12. Statutory damages and attorneys' fees can be aggregated to calculate the amount in controversy under CAFA. *See Arisa v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (finding attorneys' fees are properly included in amount in controversy calculation under CAFA); *Morey v. Louis Vuitton N. Am., Inc.,* 461 F. App'x 642, 643 (9th Cir. 2011) (finding notice of removal sufficiently alleged that amount in controversy met CAFA requirements by multiplying statutory damages and number of potential violations).

13. Plaintiff pleads that she and the class—which allegedly consists of a thousand members—are entitled to $5,000 in statutory damages from Defendant PHE for each time PHE disclosed information to Defendant Google *and* $5,000 in statutory damages from Defendant Google for each time Google received information from PHE. *See* Ex. 1 at 30 (prayer for relief).

14. Even interpreting this putative class as containing only a thousand members (the minimum amount of members alleged) and even assuming the thousand-member class is alleged to have suffered only one violation from Defendant PHE's and Google's purported misconduct, the aggregate amount in controversy would be $10,000,000 (1,000 x $10,000 [the aggregate amount a class member would allegedly be entitled to for one violation]).

15. But that is not all. The complaint also prays for "an award of attorney fees and costs," which is relevant to the amount in controversy. *Id.* Attorneys' fees in

CIPA class actions have reached millions of dollars.  *E.g.*, *Medeiros v. HSBC Card Servs., Inc.*, No. CV1509093JVSAFMX, 2017 WL 11632870, at *9 (C.D. Cal. Oct. 23, 2017) (approving over $4,000,000 in attorneys' fees from class settlement fund for CIPA claim); *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (awarding $4 million in attorneys' fees for class action CIPA claim).  Factoring in such attorneys' fees, it is more than plausible that the amount in controversy exceeds the $5,000,000 threshold.

### D.   None Of The Exceptions To CAFA Jurisdiction Apply

16.   CAFA contains various exceptions to or limitations on jurisdiction even if the diversity and amount in controversy requirements are met.  *See* 28 U.S.C. § 1332(d)(3)–(5) (setting forth exceptions to CAFA when there is at least one defendant that is a citizen of the forum where state court action was filed).

17.   None of the CAFA exceptions to or limitations on jurisdiction apply to this dispute.

#### a.   The Home-State Controversy Exceptions

18.   Under CAFA, a court must decline jurisdiction if two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state where the class action was originally filed.  *Id.* § 1332(d)(4)(B) ("Mandatory Home-State Controversy Exception").  A court may decline jurisdiction if greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state in which the class action was originally filed.  *Id.* § 1332(d)(3) ("Discretionary Home-State Controversy Exception").

19.   For the exception to apply, *all* primary defendants must be citizens of the state in which the action was filed (*i.e.*, California).  *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019); *see also Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1087-88 (N.D. Cal. 2011) ("That test requires that *all* 'primary defendants' be residents of the same state in which the action was filed.").

1  Because Defendant PHE is a primary defendant and is a citizen of North Carolina, not
2  California, the home-state exceptions do not apply.

3      20.    CAFA does not define "primary defendants."  In *Singh*, the Ninth Circuit
4  held that "a court analyzing whether a defendant is a 'primary defendant'" should
5  consider whether the defendant is sued directly or is alleged to be directly responsible
6  for the harm, as opposed to being vicariously or secondarily liable.  925 F.3d at 1067.
7  The fundamental inquiry is "whether a defendant is a 'principal,' 'fundamental, or
8  'direct' defendant."  *Id.*; *see also Corsino v. Perkins*, No. CV0909031 MMMCWX,
9  2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010) (indicating that a primary defendant
10 is one who is allegedly directly liable to the plaintiffs, as opposed to a defendant who
11 is liable under a theory of vicarious liability or based on an indemnification
12 provision).  For example, in *Singh*, the court ultimately found that American Honda
13 Finance Corporation was not a primary defendant because its liability stemmed from
14 the other defendants' alleged bad acts, meaning it was not directly responsible for the
15 misconduct.  925 F.3d at 1067.

16     21.    This case is different.  Plaintiff alleges that Defendant PHE is liable for
17 its own acts of purported misconduct, namely its "willful" disclosure of "messages,
18 reports, and/or communications with Google via Google Analytics" without consent.
19 Ex. 1 at ¶¶ 8, 9–10 (Cause of Action I, page 28).  Defendant PHE is thus alleged to be
20 liable—as a separate legal entity—for its own purported acts of misconduct and is
21 thus a "primary defendant."  *See id*. at 1068; *Harrington v. Mattel, Inc.*, No. C07-
22 05110 MJJ, 2007 WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007 (holding Fischer-Price
23 was a primary defendant because plaintiff separately named it and alleged that it was
24 also allegedly liable).

25     22.    For these reasons, the home state exceptions do not apply.

26     **b.**    <u>**The Local Controversy Exception**</u>

27     23.    Under CAFA, a court must also decline to exercise jurisdiction if
28 (1) greater than two-thirds of the members of all proposed plaintiff classes in the

aggregate are citizens of the state in which the class action as originally filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (c) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. § 1332(d)(4)(A).

24. This exception does not apply because in the preceding three years similar factual allegations in putative class actions have been made against Defendant Google and because this action involves nationwide conduct.

### i. The Three-Year Rule

25. Defendant Google has faced the "same or similar factual allegations" in other class actions in the preceding three years. The local controversy exception therefore cannot apply. *See McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 2080279, at *5 (W.D.N.Y. May 15, 2017); *Ivey v. Snapple Beverage Corp.*, No. CV 08-4408 CAS (EX), 2008 WL 2915122, at *1 (C.D. Cal. July 25, 2008) (actions involving "similar factual allegations" sufficient to bar use of local controversy exception).

26. There are a plethora of similar actions. *E.g.*, *Doe v. Google LLC*, 3:23-cv-02431-VC (filed May 17, 2023) (pleading naming Google as a defendant at Dkt. No. 1) (alleging Google unlawfully tracks, collects, and monetizes personal health information in violation of CIPA at paragraphs 306-08); *Doe v. GoodRx Holdings, Inc.*, 3:23-cv-00501-AMO (filed Feb. 2, 2023) (pleading naming Google as a defendant at Dkt. No. 1) (alleging Google received purported confidential information from GoodRx via Google Analytics in violation of CIPA at paragraphs 112, 117–20,

1  and 261-66); *Frasco v. Flo Health, Inc.*, 3:21-cv-00757-JD (filed Jan. 29, 2021)
2  (amended pleading naming Google as a defendant filed Sept. 2, 2021 at Dkt No. 64)
3  (alleging Google received purported confidential information from Flo Health via
4  Google Analytics in violation of CIPA at paragraphs 97, 99, and 411).

                **ii.**        **The Principal Injuries Requirement**

6      27.    The local controversy exception also does not apply because this case
7  involves nationwide injuries.

8      28.    California district courts have consistently refused to remand class
9  actions that solely involve violations of California law but that are premised on
10 nationwide conduct. *See R.A. by and Through Altes v. Amazon.com, Inc.*, 406 F.
11 Supp. 3d 827, 834 (C.D. Cal. 2019) (collecting cases). This is true even when a
12 putative class is limited to California residents. For example in *Altes*, even while the
13 action involved violations of California law and a California class, the court held that
14 the principal injuries exception did not apply because the underlying conduct was not
15 limited to California. *Id.* Rather, because the device that formed the basis of the
16 complaint was sold nationwide, the injuries were not "truly local." *Id.* at 835.

17    29.    Here, Defendant PHE operates the website nationwide, meaning its
18 practice of disclosing information to Google without consent is in no way limited to
19 California. *E.g.*, *id.* (holding that plaintiff failed to meet the principal injury
20 requirement because Amazon's alleged practice of "recording and storing the
21 communications of nonconsenting Alexa users" was not limited to California); *Winn
22 v. Mondelez Int'l*, No. 17-CV-02524-HSG, 2018 WL 3151774 (N.D. Cal. June 28,
23 2018) (holding local controversy exception did not apply to plaintiff's putative class
24 action alleging that defendants violated California law because Ginger Snaps were
25 sold nationwide); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1041, 1044
26 (N.D. Cal. 2019) (rejecting local controversy exception because Coffee-mate was
27 distributed and sold nationwide and not just in California). As a result, Plaintiff's

action is not "truly local." *Waller v. Hewlett-Packard Co.*, No. 11CV0454-LAB RBB, 2011 WL 8601207, at *4 (S.D. Cal. May 10, 2011).

30. Defendant PHE's alleged sharing of data and Defendant Google's alleged receipt of that data would have injured users throughout the country. Such nationwide impact is beyond the "narrow" local controversy exception. *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016).

31. Accordingly, this Court has CAFA jurisdiction because there is minimal diversity, the class size is greater than 100, the amount in controversy is greater than $5,000,000, and no exceptions apply.

### III. CONCLUSION

32. For the foregoing reasons, this case is properly removed from the Los Angeles Superior Court to the United States District Court for the Central District of California.

Dated: February 7, 2024

**WILLKIE FARR & GALLAGHER LLP**

By: */s/ Benedict Y. Hur*
Benedict Y. Hur
Simona Agnolucci
Yuhan Alice Chi

*Attorneys for Defendant Google LLC*