# EXHIBIT 6



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

   a. **The Civil Mediation Vendor Resource List**
      If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

      **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

      **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
      https://dcba.lacounty.gov/countywidedrp/

      **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

   ◆**Los Angeles County Bar Association Litigation Section**◆

   ◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

   ◆**Consumer Attorneys Association of Los Angeles**◆

   ◆**Southern California Defense Counsel**◆

   ◆**Association of Business Trial Lawyers**◆

   ◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
       (INSERT DATE)       (INSERT DATE)

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:
_____  ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)  **STIPULATION – EARLY ORGANIZATIONAL MEETING**  Page 2 of 2
LASC Approved 04/11

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR PLAINTIFF)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR DEFENDANT)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR DEFENDANT)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR DEFENDANT)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR _____)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR _____)

Date: _____

   (TYPE OR PRINT NAME)

    ➢ _____

   (ATTORNEY FOR _____)

[ Print ] [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]                                                                                              [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR PLAINTIFF)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR DEFENDANT)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR _____)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR _____)

Date: _____

_____         ➤ _____
(TYPE OR PRINT NAME)                                                  (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____                                      _____
                                                                                                JUDICIAL OFFICER

[Print]   [Save]                                                                                                          [Clear]

**FILED**
LOS ANGELES SUPERIOR COURT
MAY 11 2011
JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re ) | ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation ) | EXTENDING TIME TO RESPOND BY |
| Stipulations ) | 30 DAYS WHEN PARTIES AGREE |
| ) | TO EARLY ORGANIZATIONAL |
| ) | MEETING STIPULATION |
| ) | |

   Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

   Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

_____
Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

ORDER PURSUANT TO CCP 1054(a)

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | James K. Paulick (SBN # 348458)<br>jpaulick@leechtishman.com<br>**LEECH TISHMAN FUSCALDO & LAMPL, INC.**<br>2041 Rosecrans Ave., Suite 300<br>El Segundo, CA 90245<br>Telephone: (424) 738-4400<br>Facsimile: (424) 738-5080 |

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/16/2024 5:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

Attorneys for Defendant, PHE, INC.,
D/B/A ADAM AND EVE

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PHE, INC., and GOOGLE LLC,<br><br>Defendants. | Case No. 24STCV00181<br><br>*Assigned for all purposes to the Hon. Kenneth R. Freeman, Dept. 14*<br><br>**NOTICE OF APPEARANCE**<br><br>Date Filed: 01/03/2024<br>Trial Date: None Set |

**TO THE HONORABLE COURT:**

Please take notice that Defendant PHE, INC., D/B/A ADAM AND EVE ("PHE" or "DEFENDANT"), is hereby represented by James K. Paulick of LEECH TISHMAN FUSCALDO & LAMPL, INC., 2041 Rosecrans Ave., Suite 300, El Segundo, CA 90245, (424) 738-4400.

The filing of this Notice constitutes the first appearance in this case of the attorney listed above. The above counsel should be served with all pleadings, papers, notices, orders, and other documents in this action henceforth.

///

///

///

///

1

**NOTICE OF APPEARANCE**

| | | |
|---|---|---|
| 1 | Dated: January 16, 2024 | LEECH TISHMAN FUSCALDO & LAMPL, INC. |
| 2 | | |
| 3 | | By: /s/ James K. Paulick |
| 4 | | James K. Paulick |
| 5 | | Attorneys for Defendant, PHE INC., D/B/A ADAM AND EVE |

## PROOF OF SERVICE

(CODE CIV. PROC. § 1013A(3))

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles by the law firm of Leech Tishman Fuscaldo & Lampl, Inc. ("LTFL"); I am over the age of eighteen years and not a party to above-captioned action; my business address is: 2041 Rosecrans Avenue, Suite 300, El Segundo, California 90245.

On January 16, 2024 I served the following document(s) described as **NOTICE OF APPEARANCE** on the interested parties in this action as indicated in the attached service list as follows:

| | |
|---|---|
| Mike Arias, Esq.<br>Arnold C. Wang, Esq.<br>Mr. Anthony Jenkins, Esq.<br>ARIAS SANGUINETTI WANG &<br>TEAM LLP<br>6701 Center Drive West, 14th Floor<br>Los Angeles, California 90045<br>Tel: (310) 844-9696<br>Fax: (310) 861-0168 | *Attorneys for Plaintiffs<br>and the Putative Class* |
| Nicholas A. Coulson, Esq.<br>Julia G. Haghighi, Esq.<br>LIDDLE SHEETS COULSON P.C.<br>975 E. Jefferson Avenue<br>Detroit, Michigan 48207<br>Tel: (313) 392-0015<br>Fax: (313) 392-0025 | *Attorneys for Plaintiffs<br>and the Putative Class* |
| GOOGLE LLC<br>1600 Amphitheater Parkway<br>Mountain View, California 94043 | *Defendant* |

☒ **BY MAIL:** I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) above. I deposited such sealed envelope, with postage fully prepaid, for collection and mailing by the United States Postal Service following the ordinary business practices of LTFL. I am readily familiar with LTFL's practice for collection and processing of correspondence for mailing, under which such correspondence is collected by, and deposited with, the United States Postal Service on the same day with postage thereon fully prepaid at El Segundo, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed

invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒ **BY ELECTRONIC MAIL OR TRANSMISSION:** Based on a court order, expressed consent under CRC 2.251(b), or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the person at the email addresses listed below or through the court's electronic filing service provider. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☐ **BY FEDERAL EXPRESS:** I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) above. I caused such envelope to be delivered to the addressee(s) at the address(es) set forth above by overnight delivery. I am readily familiar with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express, under which such correspondence is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed above.

☐ **BY PERSONAL SERVICE:** I placed a true and correct copy of the above document(s) in a sealed envelope addressed to the addressee(s) above. I caused the foregoing document(s) in such sealed envelope to be hand-delivered to the offices of the addressee(s) as listed above.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed on January 16, 2024 at El Segundo, California.

*/s/ William Castleberry*
William Castleberry