Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
M. Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
T: (310) 844-9696
F: (310) 861-0168

Nicholas A. Coulson*
Julia G. Haghighi*
*Admitted *Pro Hac Vice*
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, Michigan 48207
T: (313) 392-0015
F: (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, <br><br> Plaintiff <br><br> vs <br><br> PHE, INC. AND GOOGLE LLC, <br><br> Defendants | Case No. 2:24-cv-01065-RGK-SK <br><br> Hon. R. Gary Klausner |

## RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD BE PERMITTEDD TO PROCEED BY PSEUDONYM

## INTRODUCTION

Plaintiff Jane Doe, on behalf of herself and all others similarly situated, by and through counsel, submits this response to the Court's Order to Show Cause dated February 14, 2024 ([Doc. No. 17]). Plaintiff seeks to proceed by pseudonym for the reasons articulated below, particularly given the innately personal and private subject matter contained within the allegations at hand. This action was previously filed in state court[1] as Plaintiff believes that is the forum in which this case properly belongs.

Plaintiff respectfully requests that the Court refrain from ruling on this Order to Show Cause until after the Court rules on Plaintiff's Motion for Remand which, pursuant to the Court's Order Granting the Parties' Joint Stipulation to set a Briefing Schedule for Plaintiff's Motion to Remand, shall be filed by March 8, 2024. (*See* [Doc. No. 23]). However, should the Court rule on this issue prior to rendering a decision on Plaintiff's jurisdictional challenges, the Court should permit Plaintiff to proceed by pseudonym based on the highly personal privacy concerns discussed herein.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action against Defendant PHE, Inc. ("PHE") in the United States District Court for the Central District of California on September 25, 2023, alleging that Defendant's disclosure of Plaintiff's private and protected sexual information along with her IP address violated the California Invasion of Privacy Act. (Case No. 2:23-cv-08021 [Doc. No. 1], ¶1-5) (the "prior action").

---

[1] California state courts have adopted a more lenient standard to allow parties to proceed anonymously as a result of statutory guidance and California case law. *See e.g. Dept of Fair Emp. & Hous. v. Superior Ct. of Santa Clara Cnty.*, 82 Cal. App. 5th 105, 110 (2022) (citing *Doe v. Lincoln Unified School District* 188 Cal.App.4th 758, 766 (2010)) ("Even in the absence of a statute, anonymity for parties may be granted when necessary to preserve an important privacy interest."); *see also* Civ. Code, § 1708.85, subd. (f)(1) (plaintiff in action for nonconsensual distribution of sexually explicit materials may proceed under pseudonym).

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

ARIAS SANGUINETTI WANG & TEAM, LLP

Thereafter, the prior action was dismissed and the case was filed in State Court as a result of Plaintiff's determination that Google LLC ("Google") should be added as a Defendant. Defendant Google subsequently removed the instant case to federal court, and Plaintiff is presently briefing her motion for remand.

Defendant PHE's website, www.adamandeve.com, is the largest adult product marketer in the United States and sells adult products including sex toys for men and women, bondage equipment, S&M products, lubricants, lingerie and more. ([Doc. No. 1-1] at ¶ 18, 20). When Plaintiff utilized PHE's website, her IP address along with information pertaining to her activity on the website was automatically sent to Defendant Google via PHE's use of the Google Analytics tool. *Id.* at ¶ 28. Plaintiff never consented to the transmittal of her personal sexual information to Google. *Id.* Through using the Google Analytics tool, PHE has impermissibly shared with Google information pertaining to Plaintiff's sexual preferences, sexual orientation, sexual practices, sexual fetishes, sex toy preferences, lubricant preferences, and/or search terms (collectively, "Private and Protected Sexual Information"). *Id.* at ¶ 1. As a result, Defendant Google, the owner and operator of Google Analytics, wrongfully obtained, read, and learned from Plaintiff's PII from PHE's website without her knowledge and consent. *Id.* at ¶ 21-22.

Plaintiff's Private and Protected Sexual Information is highly personal and sensitive information. As such, Plaintiff commenced this action under the pseudonym "Jane Doe." Defendants have not raised any concerns regarding Plaintiff's anonymity at this stage in the proceeding. Plaintiff now submits this response to the Court's Order to Show Cause why she may be permitted to proceed by pseudonym.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 10 and 17, a plaintiff must use her real name in the complaint. Fed. R. Civ. P. 10(a), 17(a)(1). However, there are exceptions. The Ninth Circuit has permitted parties to use pseudonyms "in the

unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation marks omitted). More specifically, the Ninth Circuit has recognized that fictitious pleading is appropriate where anonymity is needed to protect highly personal information like sexual orientation and abortion. *Id.* at 1068 (citing *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (Plaintiff would risk public identification as homosexual if his name were disclosed); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (Pregnant plaintiff allowed to proceed anonymously where she challenged the constitutionality of state laws regulating abortion).

In the Ninth Circuit, a plaintiff may proceed anonymously upon the balancing of five factors:

> (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest.

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (internal citations omitted). Where a "party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity[,]" anonymity in judicial proceedings may be preserved. *See Advanced Textile Corp.*, 214 F.3d at 1068.

## ARGUMENT

Plaintiff's Private and Protected Sexual Information is highly personal and sensitive in its nature. By disclosing her name, Plaintiff would be releasing to the public information pertaining to her private sexual orientation, preferences, and practices. The practical result of this might be that Plaintiff elects to dismiss this meritorious case which, in turn, would result in a great prejudice to the putative class, all of whom had highly personal sexual information shared between Defendants

without their consent. In many cases where Plaintiffs' anonymity is analyzed, the balancing test conducted by the Courts is a result of the Defendant's objection to Plaintiff's pseudonym. Here, however, Defendants have not raised any objection to Plaintiff's use of the pseudonym "Jane Doe," and Plaintiff, by and through her counsel, fully intend on releasing her name and personal information to Defendants privately. A balancing of the factors in this case clearly demonstrates that the severity of Plaintiff's potential societal shame and social ostracization and vulnerability to the same clearly warrants the maintenance of her anonymity in the complaint.

### I. Severity of the Threatened Harm, Reasonableness of Plaintiff's Fears, & Plaintiff's Vulnerability to the same.

As further set forth in the Complaint, information pertaining to anything Plaintiff accessed on PHE's website was directly sent to Google by Defendant. More specifically, the different categories and different adult products browsed by Plaintiff were transmitted to Google by the Website. ([Doc. No. 1-1 ¶ 30-31]). Thereafter, PHE's website shared with Google the specific sex toys selected by Plaintiff. *Id.* at 32. The website then shared with Google that Plaintiff added the sex toy to the cart and checked out. *Id.* at 23. Plaintiff faces the serious potential for public ridicule and social stigmatization should her personal sexual purchases and preferences be released in publicly accessible court documentation with her name attached thereto. Plaintiff's private sexual information, which contains information about her sexual orientation and other sexual preferences, should maintain private.

This case is similar to *Jane Roes 1-2 v. SFBSC Management LLC*, where the Northern District of California roughly coined the categorization of "human sexuality" for cases brought by pseudonym which involve matters like child pornography, abortion, transsexuality, homosexuality, sexual abuse, sexual orientation, and abortion. 77 F.Supp.3d 990, 994 (N.D. Cal. 2015) (collecting cases). If Plaintiff is required to proceed with her real name, a simple Google search will

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

immediately result in her name being connected to this lawsuit, and all images of the various sex toys and search histories contained within the complaint will be automatically tied to her. Not only will this result in public shame and social stigmatization, but Plaintiff will also face adversity when seeking employment as many employers regularly "Google" their prospective hires as a way to conduct informal background checks. The risks associated with denying Plaintiff the ability to proceed via pseudonym are severe, Plaintiff's fears are reasonable, and, as such, she is vulnerable to the societal stigmatization inherent in publicizing private sexual information that she never consented to being shared in the first place.

## II. Prejudice to Opposing Party

The court must determine the "precise prejudice at each stage of the proceedings to" Defendants and "whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile*, 214 F.3d at 1068. Here, Defendants have not yet filed answers or dispositive motions. More importantly, however, Defendants have not raised any objection to Plaintiff's use of pseudonym, as opposed to the various cases where this analysis is only conducted after Defendants have objected to Plaintiff's anonymity.

Subject to a proper protective order, Plaintiff plans to release her name and other identifying information to Defendants. Therefore, Defendants would not be prejudiced by any impediments to discovery. *See Jane Roes 1-2*, 77 F.Supp.3d at 995. The Ninth Circuit has said that "whatever knowledge defendants have of plaintiff's identities . . . lessens their claims to be prejudiced by the use of pseudonyms." *Advanced Textile*, 214 F.3d at 1069 n.11.

## III. Public Interest

"Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Advanced Textile,* 214 F.3d at 1068. However, the "root tenet" of open courts and open judicial records "can be invoked too reflexively . . . where the situation at hand does not

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

threaten the principle." *Jane Roes 1-2*, 77 F.Supp.3d at 996. "The public also has an interest in seeing this case decided on the merits." *Advanced Textile*, 214 F.3d at 1073. Additionally, California has a strong public policy in favor of consumer class actions to "protect consumers against unfair and deceptive business practices." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1079-84 (9th Cir. 2009) (internal citation omitted).

Here, the public disclosure of Plaintiff's identity is not crucial to the resolution of the case. Remaining anonymous will not obstruct the public's ability to scrutinize the important issues in this case, which can impact most of the internet-using population. *See Advanced Textile,* 214 F.3d at 1072; *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1043. Therefore, permitting Plaintiff to proceed by pseudonym will serve the public's interest by allowing this case to go forward.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should permit her to proceed by pseudonym in this matter. Plaintiff's allegations are inextricably tied to her personal sexuality, including but not limited to her sexual orientation and preferences. Defendants will not be prejudiced by Plaintiff's anonymity as Defendants will be privately made aware of Plaintiff's identity and the public's interest will be served by enabling the case to go forward and be tried on its merits.

Dated: February 21, 2024  
Detroit, Michigan

Respectfully submitted,

 /s/ *Nicholas A. Coulson*

Nicholas A. Coulson\*  
Julia G. Haghighi\*  
\*Admitted *pro hac vice*  
**LIDDLE SHEETS COULSON P.C.**  
975 East Jefferson Avenue  
Detroit, MI 48207-3101  
T: (313) 392-0015  
Ncoulson@lsccounsel.com  
Jhaghighi@lsccounsel.com

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

**ARIAS SANGUINETTI WANG  
& TEAM LLP**
MIKE ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
M. ANTHONY JENKINS, ESQ.

*Attorneys for Plaintiffs and the Putative Class*

Page 8

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**