Mike M. Arias, Esq. (SBN 115385)
Arnold C. Wang, Esq. (SBN 204431)
M. Anthony Jenkins, Esq. (SBN 171958)
**ARIAS SANGUINETTI WANG & TEAM, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
T: (310) 844-9696
F: (310) 861-0168

Nicholas A. Coulson*
Julia G. Haghighi*
*Admitted *Pro Hac Vice*
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, Michigan 48207
T: (313) 392-0015
F: (313) 392-0025

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs<br><br>PHE, INC. and GOOGLE LLC,<br><br>Defendant | CASE NO. 2:24-cv-01065<br><br>[On Notice of Removal from the Los Angeles County Superior Court Case No. 24STCV00181]<br><br>**PLAINTIFF'S MOTION TO REMAND** |

**PLAINTIFF'S MOTION TO REMAND**



ARIAS SANGUINETTI WANG & TEAM, LLP

**TO THE HONORABLE COURT, AND TO DEFENDANT AND ITS COUNSEL OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN** that on April 15, 2024 at 10:00 a.m., in Courtroom 850 of the Court located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff JANE DOE will and hereby do move the Court to remand the above-captioned action to the Superior Court of California, Los Angeles County pursuant to 28 USC § 1447.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers and records on file in this action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this motion.

Respectfully submitted,

Dated: March 8, 2023

**LIDDLE SHEETS COULSON P.C.**

By: s/ *Julia G. Haghighi*

Julia G. Haghighi

## INTRODUCTION

Plaintiff Jane Doe, on behalf of herself and all others similarly situated, by and through her counsel, moves to remand this action to the Superior Court of Los Angeles County, California pursuant to 28 USC § 1447. This Class Action arises from Defendants' disclosure and exchange of Plaintiff's private and protected sexual information along with her IP address which constitutes a violation of the California Invasion of Privacy Act. Plaintiff originally filed this action against Defendant PHE, Inc. ("PHE") in the United States District Court for the Central District of California on September 25, 2023, alleging that Defendant's disclosure of Plaintiff's private and protected sexual information along with her IP address violated the California Invasion of Privacy Act. (Case No. 2:23-cv-08021 [Doc. No. 1], ¶1-5) (the "prior action"). Thereafter, the prior action was dismissed, and the case was filed in State Court as a result of Plaintiff's determination that Google LLC ("Google") should be added as a Defendant. On February 7, 2024, Defendant Google LLC removed this action to the United States District Court, Central District of California under the Class Action Fairness Act ("CAFA") (ECF No. 1, Notice of Removal). In its Notice of Removal, Google asserts that none of the exceptions to CAFA jurisdiction apply. Plaintiff disagrees. Pursuant to 28 U.S.C. § 1332(d)(4)(A), the CAFA Local Controversy Exception applies to this action and no federal jurisdiction exists over this controversy.

## FACTUAL BACKGROUND

Defendant PHE's website, www.adamandeve.com, is the largest adult product marketer in the United States and sells adult products including sex toys for men and women, bondage equipment, S&M products, lubricants, lingerie and more. ([Doc. No. 1-1] at ¶ 18, 20). When Plaintiff utilized PHE's website, her IP address along with information pertaining to her activity on the website was automatically sent to Defendant Google via PHE's use of the Google Analytics tool. *Id.* at ¶ 28. Plaintiff

never consented to the transmission of her personal sexual information to Google. *Id.* Through using the Google Analytics tool, PHE has impermissibly shared with Google information pertaining to Plaintiff's sexual preferences, sexual orientation, sexual practices, sexual fetishes, sex toy preferences, lubricant preferences, and/or search terms (collectively, "Private and Protected Sexual Information"). *Id.* at ¶ 1. As a result, Defendant Google, the owner and operator of Google Analytics, wrongfully obtained, read, and learned from Plaintiff's PII from PHE's website without her knowledge and consent. *Id.* at ¶ 21-22.

Plaintiff is a citizen of California. Plaintiff seeks to represent a class of persons exclusively located in California, preliminarily "California Class." ([Doc. No. 1-1, p. 24, ¶ A.1]). Defendant PHE, Inc. is a North Carolina Corporation with its principal place of business located in North Carolina, and Defendant Google LLC is organized under the laws of Delaware with its principal place of business located in California.

## LEGAL STANDARD

Pursuant to CAFA, a district court is required to decline to exercise jurisdiction under the "Local Controversey Exception" if (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the class action was originally filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (c) who is a citizen of the state in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was filed; and (4) during the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. 28 U.S.C. §1332(d)(4)(A).

ARIAS SANGUINETTI WANG & TEAM, LLP

## ARGUMENT

### I. The Local Controversy Exception Apples

First, it is clear that here, where the putative class is comprised solely of California residents, greater than two-thirds of the members of the proposed class are citizens of the state in which the action was originally brought. *See Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 881 (9th Cir. 2013) (discussing that an inference regarding the citizenship of prospective class members can be sufficient where the "class is defined as limited to citizens of the state in question"). As explained below, the remaining requirements of the local controversy exception are also satisfied.

### II. Significant Relief is Sought From Local Defendant Google Whose Conduct Forms a Significant Basis for Plaintiff's and the Class's Claims

In satisfaction of the second element of the Local Controversy exception, Google is a defendant (a) from whom significant relief is sought, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed class, and (c) who is a citizen of California. Google is clearly a citizen of California where it maintains its principal place of business at 1600 Amphitheatre Pkwy, Mountain View, CA 94043. Additionally, where, as here, Plaintiff and the proposed class seek statutory damages of $5,000 for "each time Defendant Google LLC read, learned the contents of, and/or utilized information obtained from a message, report, or communication between PHE and the Class without consent," it is evident that the relief sought from Google is significant. Complaint, ([Doc. No. 1-1, P. 30]). As stated in the Complaint, the class is so numerous as it includes thousands of members. *Id.* at 24. Therefore Google's potential exposure in this case is upwards of $5,000,000 or more. *See Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015) (Where "Plaintiffs estimate that the total damages recoverable from [Defendant] are

between $5,000,000 and $8,000,000[,] . . . [t]he amounts sought are sufficient to show that Plaintiffs claim 'significant relief' from a local defendant.").

Moreover, Google's conduct forms a significant basis for the claims asserted by the proposed class. Here, there are only two defendants, PHE and Google. Both, upon information and belief, contracted with one another to have implemented Google Analytics on PHE's website to track, record, and send Plaintiff and the proposed class's Private and Protected Sexual Information without their consent. Google Analytics, the web analytics service employed on the Website without its anonymized IP feature, is precisely the tool or service responsible for the tracking and collection of Plaintiff's and the class's online activity. Because the tool or service which caused the surreptitious collection of Plaintiff's and the class's information was provided by Defendant Google, Google's conduct clearly forms a significant basis for the claims asserted by the proposed class. *See Benko*, 789 F.3d at 1118 (discussing that a significant basis for the claims is satisfied where the claims against a local defendant are "important or fairly large in amount or quantity" when compared "to the allegations made against the other Defendants"). As such, the second requirement under the Local Controversy exception is satisfied here.

## III. The Three-Year Rule

"The local controversy exception is met only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. *R.A. by & Through Altes v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 832 (C.D. Cal. 2019) (citing 28 U.S.C. § 1332 (d)(4)(A)(ii)) (internal quotation marks omitted).

In its Notice of Removal, Google asserts that it has been a named defendant in prior "similar" actions within the last three years. ([Doc. No. 1, P. 8]). However, all cases cited by Defendant involve the purported collection of *health* data from health care provider websites. *See e.g.*, *Doe v. Google LLC*, 3:23- cv-02431-VC

(filed May 17, 2023); *Doe v. GoodRx Holdings, Inc.*, 3:23-cv-00501-AMO (filed Feb. 2, 2023); *Frasco v. Flo Health, Inc.*, 3:21-cv-00757-JD (filed Jan. 29, 2021). Here, Plaintiff alleges that Defendant obtained and shared her personal information related to her personal sexual preferences and history on a retail website. While both concern the disclosure of private information, the information disclosed is very different and therefore the cases cited by Defendant do not contain the same nor similar factual allegations sufficient to satisfy the three-year rule.

"Congress has made clear that this element was intended to prevent plaintiffs from using the local controversy exception to avoid federal jurisdiction, remand cases to state courts, and bring "copycat" class actions in various states across the country." *Carter v. CIOX Health, LLC*, 260 F. Supp. 3d 277, 285 (W.D.N.Y. 2017). Plaintiff could not use the local controversy exception as an attempt to bring "copycat" actions in various states across the county. This case concerns a California-specific consumer protection statute which was created to provide redress to California citizens deprived of their privacy rights (*see* Cal. Pen. Code § 630 (noting that CIPA was passed "to protect the right of privacy of the people of this state")) and is wholly unrelated to health privacy cases.

Defendant has failed to cite any case previously asserted against it that involved intercepted communications from a retail website, much less a website akin to the one at issue here in terms of privacy expectations. Defendant does not and cannot rely on the complaint Plaintiff previously filed against PHE (Case No. 2:23-cv-08021-RGK) because Plaintiff's prior filing does not constitute an "other class action," as contemplated under the local controversy exception. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 508-10 (3d Cir. 2013); *Tag v. i360, LLC*, No. 21CV1184-L-MDD, 2022 WL 808007, at *3–4 (S.D. Cal. Mar. 17, 2022) ("Plaintiff's prior dismissed action does not preclude a finding under the local controversy exception that no other class action asserting the same or similar claims had been filed in the preceding three years.").

Since Defendant Google is an omnipresent entity with multiple primary lines of business that affect countless consumers daily, it is inconceivable to assume that the local controversy exception would require the federal adjudication of all class actions where Google wrongfully accesses information of any kind from any entity about any persons. A hypothetical best illustrates this point: Walmart is a similarly large and omnipresent entity which has frequently been the subject of class actions involving its employment practices. Many of those cases are the subject of federal jurisdiction for one reason or another. But it is hard to imagine Walmart seriously arguing that any employment class action it faced must be adjudicated in federal court based on the existence of previously filed but entirely separate class employment litigation. Similarly, it is not credible to argue that CAFA confers federal jurisdiction over every privacy-related class action against Google when considering the expansiveness of Google's data operations. For purposes of the local controversy exception, there have been no other cases against either Defendant within the last three years with the same or similar factual allegations.

## IV. The Principal Injuries Requirement

Defendant also contends in its Notice of Removal that the Local Controversy Exception to CAFA jurisdiction does not apply here because "this case involves nationwide injuries" based on "nationwide conduct." ([Doc. No. 1, P. 9]). While the Ninth Circuit has not yet weighed in on the issue of whether nationwide conduct can form the basis of principal injuries incurred within one state, it is counterintuitive to require the adjudication of a case in federal court which concerns a unique state statute that provides heightened protection to and is intended to apply only to California residents.

Google is an omnipresent entity. As such, it should not evade accountability of its violations of California statutes in California courts simply because the conduct at issue has occurred in other states as well. This case concerns a California corporation which intercepted communications in California that traveled through

ARIAS SANGUINETTI WANG & TEAM, LLP

California servers and harmed residents in California, brought under a consumer protection statute uniquely available to aggrieved California citizens. Simply because Google has a presence in all states and likely offers the Google Analytics service on websites in other states does not justify Plaintiff's state law claims being forced into federal court.

While Plaintiff acknowledges that district court opinions within the Ninth Circuit have adopted the approach that an injury must not have nationwide impacts, no Court of Appeals has adopted that approach. Much more persuasive is *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d. Cir 2009) wherein the Third Circuit became the only Circuit Court of Appeals to rule on the issue of whether conduct with a multi-state impact can satisfy the principal injuries requirement of the local controversy exception. *Palladino v. JP Morgan Chase & Co.*, No. 23-CV-1215, 2023 WL 4034358, *5 (E.D.N.Y. 2023).

In *Kaufman*, Plaintiffs brought an action against automobile insurance companies on the basis that their policies excluded coverage for diminished value in violation of New Jersey law. 561 F.3d at 149. Plaintiffs were all citizens of New Jersey, the insurance policies were issued in New Jersey, and the putative class was comprised of members with insurance policies issued in New Jersey. *Id.* at 158. The Third Circuit held that the principal injuries requirement was met because the alleged conduct occurred in New Jersey and putative class was comprised of persons with insurance policies in New Jersey. *Id.* The court explained that even though the defendants engaged in related conduct in other states – issuing insurance policies that provided the same coverage – the plain language of the local controversy exception's unambiguous statute does not require that the principal injuries and both the alleged conduct and related conduct be localized. *Id.* at 158.

The approach taken by the Third Circuit in *Kaufman* has been widely adopted, and followed by district courts both within the Third Circuit and beyond. *See Simmons v. Ambit Energy Holdings, LLC*, No. 13-CV-6240, 2014 WL 5026252, at

ARIAS SANGUINETTI WANG & TEAM, LLP

*4 (S.D.N.Y. Sept. 30, 2014) (finding principal injuries were incurred in New York where the relief sought was under New York law for Defendant's New York customers who were deceived by Defendant's New York banking plans and where, "[b]y definition, every one of those customers received service *in* New York (and nearly every one presumably also lives in New York")); *Premo v. Fam. Dollar Stores of Mass., Inc.*, No. 13-11279, 2014 WL 1330911, at *5 (D. Mass. Mar. 28, 2014) ("In his complaint, Plaintiff alleges that Family Dollar MA has violated the Massachusetts Overtime Law by wrongfully classifying [him] and other similarly situated persons who worked at Family Dollar Store locations in Massachusetts as 'store managers' exempt from overtime. Consequently, I find that 'princip[al] injury' alleged took place in Massachusetts."); *Johnson v. MFA Petrol. Co.*, No. 11-CV-0981, 2013 WL 3448075, at *7 (W.D. Mo. July 9, 2013) ("The alleged wrongful conduct in the present case occurred only in Missouri under the Missouri Merchandising Practices Act, involved only Missouri citizens, and any damages resulting from this conduct occurred only in Missouri. Whether [d]efendants' related use of single hose blender pumps in other states violates those states' respective laws ... does not affect whether [p]laintiff has met the 'principal injuries' requirement of the local controversy exception.").

In light of the Third Circuit's guidance on the topic as well as the many federal courts that have followed the Third Circuit's approach, this Court should follow *Kaufman* and find the principal injuries requirement met here where Plaintiff and the putative class are all located in California, incurred injury in California, and the conduct at issue occurred in California by a California company's violation of a California statute. However, even if the Court takes the approach that conduct that causes injuries outside the state cannot satisfy the principal injuries requirement, remand remains appropriate. Here, even if Defendants' California-based *conduct* has nationwide impacts, there is no evidence that there is a harm to *any legal interest that exists in any other state* other than California, given the state's unique

wiretapping statute. Courts recognize that CIPA, which is subject to "expansive" application in order to achieve "broad privacy protections" is "materially different" from the privacy statutes "of the other 49 states." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013) (collecting cases); *James v. Walt Disney Company*, 2023 WL 7392285, *17 (N.D. Cal. Nov. 8, 2023) (discussing the material differences between CIPA and other states' wiretapping statutes). Even under the most restrictive application of the principal injuries requirement, this case should be remanded because the conduct at issue would not be considered a legal harm in almost any other place in which it occurs.

## CONCLUSION

The Local Controversy exception to CAFA jurisdiction applies in this case where Google, a California defendant, committed egregious acts in California, which took place in and caused injury in California to California residents. As such, this case should be remanded to the Superior Court of Los Angeles County, California pursuant to 28 USC § 1447.

Dated: March 8, 2024

Respectfully submitted,

*Julia G. Haghighi*_____

Nicholas A. Coulson*
Julia G. Haghighi*
*Admitted *pro hac vice*
**LIDDLE SHEETS COULSON P.C.**
975 East Jefferson Avenue
Detroit, MI 48207-3101
T: (313) 392-0015
Ncoulson@lsccounsel.com
Jhaghighi@lsccounsel.com

**ARIAS SANGUINETTI WANG & TORRIJOS LLP**

MIKE ARIAS, ESQ.
ARNOLD C. WANG, ESQ.
M. ANTHONY JENKINS, ESQ.

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Jane Doe, certifies that this brief contains 2802 words, which complies with the word limit of L.R. 11-6.1

Dated: March 8, 2024

*/s/ Julia G. Haghighi*

Julia G. Haghighi

**LIDDLE SHEETS COULSON PC**

*Attorney for Plaintiffs*