**WILLKIE FARR & GALLAGHER LLP**
BENEDICT Y. HUR (SBN 224018)
  bhur@willkie.com
SIMONA AGNOLUCCI (SBN 246943)
  sagnolucci@willkie.com
YUHAN ALICE CHI (SBN 324072)
  ychi@willkie.com
NADIM HOUSSAIN (SBN 335556)
   nhoussain@willkie.com
333 Bush St., 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7400

MICHAEL ROME (SBN 272345)
   mrome@willkie.com
2029 Century Park East
Los Angeles, CA 90067-2905
Telephone: (310) 728-8317

Attorneys for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHE, INC. and GOOGLE LLC<br><br>Defendants. | Case No. 2:24-cv-01065-RGK-SK<br><br>[Los Angeles County Superior Court Case No. 24STCV00181]<br><br>**GOOGLE LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>**CLASS ACTION**<br><br>Date:      April 8, 2024<br>Time:     9:00 a.m.<br>Judge:    Hon. R. Gary Klausner<br><br>Action Filed: January 3, 2024<br>Removal:     February 7, 2024 |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

BACKGROUND ....................................................................................................... 2

      A.    Summary of Plaintiff's Allegations ................................................... 2

      B.    Procedural History ............................................................................ 2

LEGAL STANDARDS ............................................................................................. 3

ARGUMENT ............................................................................................................. 4

      I.    Plaintiff Fails to Establish by a Preponderance of Evidence that More Than Two-Thirds of the Class Comprise of California Citizens ............... 4

      II.    Numerous Similar Putative Class Actions Have Been Filed Against Google ......................................................................................................... 8

      III.    Plaintiff's Complaint Alleges Nationwide Conduct and Injuries ............ 11

CONCLUSION ....................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adams v. W. Marine Prod., Inc.*,
   958 F.3d 1216 (9th Cir. 2020) ..................................................................... 5, 6, 7

*Allen v. Boeing Co.*,
   821 F.3d 1111 (9th Cir. 2016) ............................................................................ 1, 3

*Alvarez v. XPO Logistics Cartage, LLC*,
   No. CV 18-03736 SJO (AS), 2018 WL 3203086 (C.D. Cal. June 29,
   2018) ........................................................................................................... 9, 10, 11

*Aviles v. Quik Pick Express, LLC*,
   No. CV-15-5214-MWF (AGR), 2015 WL 5601824 (C.D. Cal. Sep.
   23, 2015) ................................................................................................................ 7

*Beasley v. Lucky Stores, Inc.*,
   379 F. Supp. 3d 1039 (N.D. Cal. 2019) ........................................................ 4, 12, 13

*Calderon v. Total Wealth Mgmt, Inc.*,
   2015 WL 5916846 (S.D. Cal. Oct. 8, 2015) ....................................................... 7, 8

*Coleman v. Estes Express Lines, Inc.*,
   730 F. Supp. 2d 1141 (C.D. Cal. 2010), *aff'd sub nom. Coleman v.
   Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) .......................................... 3

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014) ................................................................................................ 3

*Doe v. GoodRx Holdings, Inc.*,
   3:23-cv-00501-AMO (N.D. Cal. filed Feb. 2, 2023) ........................................... 9

*Doe v. Google LLC*,
   3:23-cv-02431-VC (N.D. Cal. filed May 17, 2023) ............................................ 13

*Doe v. PHE, Inc.*,
   No. 2:23-cv-08021 (C.D. Cal. Sept. 25, 2023) ................................................. 2, 9

*Frasco v. Flo Health, Inc.*,
   3:21-cv-00757-JD (N.D. Cal. filed Jan. 29, 2021) ...................................... 8, 9, 11

*Jadeja v. Redflex Traffic Sys, Inc.*,
   No. C 10-04287 WHA, 2010 WL 4916413 (N.D. Cal. Nov. 22, 2010) .................. 10

*Jones v. Tonal Sys., Inc.*,
   No. 3:23-CV-1267-JES-BGS, 2024 WL 400182 (S.D. Cal. Feb. 2,
   2024) ............................................................................................................................ 6

*Kaufman v. Allstate New Jersey Ins. Co.*,
   561 F.3d 144 (3d Cir. 2009) ................................................................................... 12

*Kearns v. Ford Motor Co.*,
   No. CV 05-5644 .............................................................................................. 11, 12

*King v. Great Am. Chicken Corp., Inc.*,
   903 F.3d 875 (9th Cir. 2018) ............................................................................ 5, 6, 7

*Manoukian v. John Bean Techs. Corp.*,
   No. CV 18-1307 SJO (AGR), 2018 WL 6133679 (C.D. Cal. Apr. 23,
   2018) ........................................................................................................................ 6, 7

*Martinez v. Darden Restaurants, Inc.*,
   No. CV 15-3434-GW(GJSX), 2015 WL 4480658 (C.D. Cal. July 22,
   2015) ..................................................................................................................... 9, 10

*Merinar v. Cnty. of Los Angeles*,
   No. CV 12-4085-GAF JPR, 2013 WL 6116887 (C.D. Cal. Nov. 20,
   2013), *aff'd*, 588 F. App'x 662 (9th Cir. 2014) ......................................................... 5

*Moffett v. Recording Radio Film Connection, Inc.*,
   No. CV 19-3319 PSG (KSX), 2019 WL 3230976 (C.D. Cal. July 18,
   2019) ......................................................................................................................... 6

*Mondragon v. Cap. One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013) ............................................................................ *passim*

*Navarro v. Ski Data, Inc.*,
   No. 2:20-CV-07370-SVW-SK, 2021 WL 1312579 (C.D. Cal. Apr. 7,
   2021) ......................................................................................................................... 4

*Phillips v. Kaiser Found. Health Plan, Inc.*,
   953 F. Supp. 2d 1078 (N.D. Cal. 2011) .................................................................. 12

*R.A. by & Through Altes v. Amazon.com, Inc.*,
   406 F. Supp. 3d 827 (C.D. Cal. 2019) ............................................................... 11, 12

*Serrano v. Bay Bread LLC*,
   No. 14-CV-01087-TEH, 2014 WL 1813300 (N.D. Cal. May 6, 2014) .................. 10

*Winn v. Mondelez Int'l*,
   No. 17-CV-02524-HSG, 2018 WL 3151774 (N.D. Cal. June 28, 2018) ................ 12

**Statutes**

28 U.S.C. § 1332(d)(4)(A) ............................................................................... 1, 3, 4, 10

Cal. Penal Code § 631 ........................................................................................ 6, 9, 13

## INTRODUCTION

Plaintiff does not dispute that Google's Notice of Removal established a prima facie case of federal jurisdiction under the Class Action Fairness Act ("CAFA"). Nor could she, having originally filed this case in federal district court on the same jurisdictional basis. Instead, she claims the case should be remanded because CAFA's local controversy exception applies. Plaintiff is wrong. That "narrow" exception to CAFA only applies where the party seeking remand proves by a preponderance of the evidence that each of the exacting statutory requirements are met. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016). Because Plaintiff's Motion to Remand ("Mot.") falls woefully short of meeting that burden, it must be denied.

*First*, Plaintiff fails to submit any evidence that two-thirds of the putative class members are citizens of California. That is fatal, since the local controversy exception only applies if "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Instead of providing evidence, Plaintiff attempts to rely on the Complaint's class definition, which defines the putative class as consisting of "California residents." Mot. at 5. That is insufficient to meet Plaintiff's evidentiary burden. Indeed, the only case Plaintiff cites to support her approach to meeting this requirement rejected it. *Infra* Argument (I) (collecting cases). And Plaintiff's class definition shortcut fails on its own terms because it is limited to California residents, not citizens. The Motion must be denied for this reason alone.

*Second*, Plaintiff fails to meet her burden to show that "no other class action has been filed asserting the same or similar factual allegations against any of the defendants" in the past three years. To the contrary, numerous class actions have been filed in federal district courts within this Circuit that attempt to make the same substantive claim as the one alleged here: that the implementation of Google Analytics

on websites and apps allegedly results in the purportedly unlawful transfer or sharing of personal data.

*Third,* and finally, the Motion must be denied because this dispute is insufficiently local in nature. The local controversy exception is a "narrow" exception only applicable to "truly" local and intrastate controversies. *Infra* Argument (III). It does not apply here given that this case squarely attacks a nationwide practice and seeks relief that would have ramifications well beyond California's borders.

## BACKGROUND

### A. Summary of Plaintiff's Allegations

Google provides software—Google Analytics—that developers of apps and websites can choose to implement on their platforms to measure how users behave on their platforms. *See* Plaintiff's Compl. ("Compl."), Ex. 1 to Google's Notice of Removal, ECF 1-1, ¶¶ 23–25. Developers can choose how to implement and deploy Google Analytics. *See id.* ¶ 24–25, 27. Defendant PHE, Inc. ("PHE") is one such developer who chose to use Google Analytics on its website "Adam & Eve" (the "Website")—a website that offers adult products such as sex toys, lingerie, and more—to measure visitors' actions on its website. *Id.* ¶¶ 20–23. Plaintiff is a user of PHE's Website and has used the Website to search for and purchase adult products. *Id.* ¶¶ 53–57. She alleges that PHE's incorporation of Google Analytics on its Website resulted in PHE's sharing of Plaintiff's "private and protected sexual information"[1] and IP address with Google without her consent. *Id.* ¶¶ 1–8.

### B. Procedural History

Plaintiff initially filed this lawsuit in the Central District of California, based on the federal jurisdiction conferred by CAFA, naming only PHE as a defendant. Compl. ¶ 9, *Doe v. PHE, Inc.*, No. 2:23-cv-08021 (C.D. Cal. Sept. 25, 2023). Plaintiff

---

[1] Plaintiff defines "Private and Protected Sexual Information" to mean sexual preferences, sexual orientation, sexual practices, sexual fetishes, sex toy preferences, lubricant preferences, and search terms. Compl. ¶ 1.

2
GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

subsequently dismissed that lawsuit and refiled in Los Angeles Superior Court, and added Google as a defendant. *See* Compl. ¶ 13; *see also* Google's Notice of Removal, ECF 1, ¶ 6. Google timely removed the case to this Court based on CAFA jurisdiction. Google's Notice of Removal, ECF 1. Plaintiff then filed the instant motion to remand. *See* Mot.

## LEGAL STANDARDS

**CAFA.** CAFA gives federal courts jurisdiction over certain class actions if (1) "the class has more than 100 members"; (2) "the parties are minimally diverse"; and (3) "the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014). The "burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("once federal jurisdiction has been established . . . the objecting party bears the burden of proof as to the applicability of any express statutory exception under" CAFA)).

**The Local Controversy Exception.** The "local controversy" exception is a "narrow" statutory exception to CAFA. 28 U.S.C. § 1332(d)(4)(A); *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1152 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) ("[t]he local controversy exception is narrow and a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others") (cleaned up) (citation omitted). Under the local controversy exception, courts decline jurisdiction only if *all* of the following elements are met:

- Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the class action was originally filed;

- At least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (c) who is a citizen of the state in which the action was originally filed;
- The principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was filed; and
- During the three-year period preceding the filing of the class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A). As the party seeking remand, Plaintiff "bears the burden to prove" each of the elements of this exception. *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1042–43 (N.D. Cal. 2019) (denying motion to remand where the party seeking remand failed to "establish[] all of the requisite elements of the local controversy exception.") (quoting *Serrano*, 478 F.3d at 1021–22).

## ARGUMENT

This Motion must be denied because Plaintiff failed to carry her burden to establish three necessary elements of the local controversy exception to CAFA jurisdiction: (1) that two-thirds of the putative class are citizens of California; (2) that no similar class actions have been filed in the last three years; and (3) that the principal injuries from the alleged conduct were incurred in California.

### I. Plaintiff Fails to Establish by a Preponderance of Evidence that More Than Two-Thirds of the Class Comprise of California Citizens

"To establish the local controversy exception, Plaintiffs must show by a preponderance of the evidence that at least two-thirds of proposed class members are citizens of California." *Navarro v. Ski Data, Inc.*, No. 2:20-CV-07370-SVW-SK, 2021 WL 1312579, at *2 (C.D. Cal. Apr. 7, 2021); *Mondragon*, 736 F.3d at 884 ("A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard"). Where a defendant disputes remand, plaintiff cannot rely "simply

on [her] allegations." *Mondragon*, 736 F.3d at 884. The finding of citizenship "should not be based on guesswork." *Id*. at 882. Instead, "the moving party must provide *some* facts in evidence from which the district court may make findings regarding class members' citizenship." *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

Plaintiff's Motion provides zero "evidence from which the district court may make findings regarding class members' citizenship." *Id.* Instead, Plaintiff points to her decision to define the class to consist solely of "California residents," and asks the Court to infer from that pleading—which is an allegation, *not* evidence—that two thirds of the class are therefore California citizens. Mot. at 5. This argument fails for two independent reasons.

*First*, Plaintiff relies exclusively on her *allegation* in the Complaint defining the class to be limited to "California residents," but "[a]llegations in an unverified complaint are not evidence." *Merinar v. Cnty. of Los Angeles*, No. CV 12-4085-GAF JPR, 2013 WL 6116887, at *5 (C.D. Cal. Nov. 20, 2013), *aff'd*, 588 F. App'x 662 (9th Cir. 2014). Plaintiff puts in no *evidence* whatsoever to satisfy this element, and a "complete lack of evidence does not satisfy th[e] standard" for establishing citizenship. *See Mondragon*, 736 F.3d at 884. Instead, the Ninth Circuit requires "at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Id*.

Appellate and district courts in this Circuit—including Plaintiff's own cited authority—routinely decline to apply the exception where a plaintiff offers no evidence of citizenship. *See, e.g., id.* at 884–85 (reversing remand order where "[t]here is simply no evidence in the record to support a finding that the group of citizens outnumbers the group of non-citizens by more than two to one"); *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 880 (9th Cir. 2018) (vacating remand order because "[t]here was no evidence to support a factual finding that the proportion

of California citizens was greater than two-thirds"); *Moffett v. Recording Radio Film Connection, Inc.*, No. CV 19-3319 PSG (KSX), 2019 WL 3230976, at *3–4 (C.D. Cal. July 18, 2019) (local controversy exception not applicable where "Plaintiff has not produced any evidence of the citizenship of the class members"); *Manoukian v. John Bean Techs. Corp.*, No. CV 18-1307 SJO (AGR), 2018 WL 6133679, at *4 (C.D. Cal. Apr. 23, 2018) (where plaintiff relies "entirely" on his proposed class definition of persons employed in California, "[t]his Court, like the Ninth Circuit, will not infer citizenship where there is a complete lack of evidence simply because Plaintiff says the Court should"); *Jones v. Tonal Sys., Inc.*, No. 3:23-CV-1267-JES-BGS, 2024 WL 400182, at *2 (S.D. Cal. Feb. 2, 2024) (in CIPA claim, declining to infer California citizenship based solely on Plaintiff's class definition). Plaintiff's Motion fails on this basis alone.

The Ninth Circuit's decision in *Adams* is instructive. "Unlike in *Mondragon*, Adams did not rely solely on her class definition. Rather, she put forth evidence demonstrating that more than 90% of putative class members had last known mailing addresses in California," and bolstered that evidence with a detailed sworn declaration establishing the likelihood that putative class members were U.S. and California citizens. *Adams,* 958 F.3d at 1222–24. Since "[t]he record evidence . . . far exceed[ed] that in *Mondragon* and *King*," *Adams* affirmed a district court order finding the local controversy exception applied. *Id.* Plaintiff's showing here does not come close to the showing in *Adams*. She presents no record evidence at all, instead relying exclusively on a class definition. That is insufficient where, as here, the applicability of the exception is in dispute. *Id.* at 1222 ("In *Mondragon*, we **vacated the district court's remand order where the plaintiff failed to produce *any* evidence of putative class members' citizenship and relied solely on his proposed class definitions**.") (emphasis added) (citing *Mondragon,* 736 F.3d at 882-83).

*Second,* even if Plaintiff could satisfy this element through reliance on her class definition alone, Plaintiff's proposed "inference" of California citizenship is improper

because the class is not limited to California citizens. *See* Mot. at 5. Plaintiff defines the putative class as follows:

> All **California residents** who have visited the Website, navigated through the Website's pages, entered search terms on the Website, and/or purchased adult products on the Website.

Compl. at 24 ¶ 1 (emphasis added)[2]. This definition makes no mentions of citizenship. Instead, it is limited to California *residents.* But residency does not equate to citizenship. "A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California." *King*, 903 F.3d at 879. Rather, a person's domicile is where she resides "with the intention to remain or to which she intends to return." *Adams*, 958 F.3d at 1221 (residence provides only "*some* evidence of domicile") (emphasis in original). Plaintiff's Complaint and Motion are silent as to the citizenship or domicile of the proposed class. That is fatal. *See, e.g., Aviles v. Quik Pick Express, LLC*, No. CV-15-5214-MWF (AGR), 2015 WL 5601824, at *3 (C.D. Cal. Sep. 23, 2015) ("this putative class definition regarding California residents, rather than citizens, is insufficient alone to establish the two-thirds California *citizens* requirement under the 'local controversy' exception"); *Manoukian*, 2018 WL 6133679, at *4 (rejecting Plaintiff's inference of citizenship based on residence); *Calderon v. Total Wealth Mgmt, Inc.*, 2015 WL 5916846, at *2 n.5 (S.D. Cal. Oct. 8, 2015) (declining to infer citizenship where "proposed class is not limited to citizens of California").

Plaintiff selectively quotes from the Ninth Circuit's opinion in *Mondragon* to contend that the Court may infer class members' citizenship where the "class is defined as limited to citizens of the state in question." Mot. at 5. But Plaintiff's

---

[2] Plaintiff's Complaint starts to renumber paragraphs on page 24. For clarity, Google includes page numbers to any references to paragraphs on page 24 of the Complaint or thereafter.

7
GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1 proposed class is not defined in that way, and she ignores the Ninth Circuit's express
2 finding in *Mondragon* that a class member having "a residential address in California
3 does not mean that person is a citizen of California." *Mondragon*, 736 F.3d at 884.
4 Indeed, the Ninth Circuit explained various scenarios where a California resident may
5 not be a California citizen—such as "members of the military," "out-of-state
6 students," "owners of second homes," "temporary residents who maintained legal
7 citizenship in other states," and "persons who live in California but are not U.S.
8 citizens." *Id*. at *885. All of these scenarios illustrate why Plaintiff's proposed
9 "inference" of citizenship would be improper even if she could rely on a class
10 definition.

11 In sum, Plaintiff fails to meet her burden to prove that more than two-thirds of
12 the putative class members are California citizens. The Motion must be denied.

### II. Numerous Similar Putative Class Actions Have Been Filed Against Google

Even if Plaintiff satisfied the two-thirds local citizenship requirement (and she has not), the Motion must be denied because scores of substantially similar putative class actions centered on Google Analytics have been filed against Google in the last three years. *See* Notice of Removal, ¶¶ 25–26 (citing *Doe v. Google LLC*, 3:23-cv-02431-VC (N.D. Cal. filed May 17, 2023) ("*Doe*"), *Doe v. GoodRx Holdings, Inc.*, 3:23-cv-00501-AMO (N.D. Cal. filed Feb. 2, 2023) ("*GoodRx*"), and *Frasco v. Flo Health, Inc.*, 3:21-cv-00757-JD (N.D. Cal. filed Jan. 29, 2021) ("*Frasco*")).[3]

Plaintiff contends that the three-year rule does not bar remand because the other class actions against Google "do not contain the same nor similar factual allegations." Mot. at 7. That is wrong. Each of the other cited putative class actions challenge websites and apps' use of Google Analytics based on the theory that their use of Google Analytics allegedly resulted in the sharing of the plaintiffs' purportedly private or confidential information without consent. *See* Declaration of Benedict Hur

---

[3] Google is actively litigating these cases, denies any alleged wrongdoing or violations of law, and denies that class treatment is proper.

("Hur Decl."), Ex. 1, *Frasco* Compl., ¶¶ 96–99 (alleging that period-tracking app Flo Health incorporated Google Analytics into its app and, in turn, allegedly shared plaintiff's "intimate health data" with Google via Google Analytics); *Id*. at Ex. 2, *GoodRx* Compl., ¶¶ 150–156 (alleging that GoodRx incorporated Google Analytics onto its platform, which allegedly collected and transferred plaintiffs' information, including IP address, health information, and personally identifiable information to Google without users' consent); *Id*., Ex. 3, *Doe* Compl. ¶¶ 39–43, 49 (alleging that Google intercepted and collected user information via Google Analytics that healthcare developers incorporate on their websites). **That is the same thing Plaintiff alleges here**. *See* Compl. ¶ 7 ("PHE installed Google Analytics to disclose to Google Plaintiff's Protected Sexual Information without Plaintiff's consent in exchange for payment or another form of consideration"), ¶ 62 ("Each time Plaintiff used PHE's website, PHE willfully disclosed Plaintiff's Private and Personal Sexual Information . . . to Google via Google Analytics"). Moreover, just as Plaintiff does so here, each of the prior actions allege that Google violated Cal. Penal Code § 631 (CIPA) as it was purportedly not a party to the communication between the plaintiff and the website or app—here, PHE. *See* Hur Decl., Ex. 1, *Frasco* Compl.¶ 410 (alleging that Google' intercepted plaintiffs' data in violation of CIPA Section 631); *Id*., Ex. 2, *GoodRx* Compl. ¶¶ 313–318 (same); *Id*., Ex. 3, *Doe* Compl., ¶¶ 425–431 (same); Compl. ¶¶ 64–67 (Plaintiff alleging CIPA violation).

Given all of the similarities between this case and the prior Google Analytics cases referenced above, the three-year rule precludes the application of the local controversy exception. *See, e.g.*, *Alvarez v. XPO Logistics Cartage, LLC*, No. CV 18-03736 SJO (AS), 2018 WL 3203086, at *4 (C.D. Cal. June 29, 2018) (denying motion to remand where defendant identifies prior class action involving similar factual allegations); *Martinez v. Darden Restaurants, Inc.*, No. CV 15-3434-GW(GJSX), 2015 WL 4480658, at *2 (C.D. Cal. July 22, 2015) (actions filed within the prior three

years where "the plaintiffs and factual allegations are similar . . . preclude the application of the local controversy exception").

Faced with a large body of cases that allege the same thing as this one, Plaintiff attempts to generate an artificial distinction based on the nature of the website she visited. *See* Mot. at 6–7. That is, she claims this case is different than the other Google Analytics class actions because she visited a sex toy website that implemented Google Analytics, while the plaintiffs in other cases visited healthcare-related websites that did the same. *Id.* This distinction is immaterial—the gravamen of all of these Google Analytics cases is the same: that the implementation of Google Analytics on sites and apps allegedly results in the purportedly improper transmission of confidential information.

Under CAFA, the local controversy exception does not apply when there have been class actions in the past three years that contain "same *or similar* factual allegations." *See* 28 U.S.C. § 1332(d)(4)(A). The allegations need not be identical. Since the pending Google class actions plainly include "similar factual allegations," Plaintiff cannot invoke the local controversy exception to CAFA. All of these cases are predicated on the same fundamental factual allegations about Google Analytics, which more than satisfies the three-year rule and precluded a finding of local controversy. *See, e.g., Alvarez*, 2018 WL 3203086, at *4 (denying motion to remand where defendant identifies prior class action involving similar factual allegations); *Martinez* , 2015 WL 4480658, at *2 (actions filed within the prior three years where "the plaintiffs and factual allegations are similar . . . preclude the application of the local controversy exception"); *Jadeja v. Redflex Traffic Sys, Inc.*, No. C 10-04287 WHA, 2010 WL 4916413, at *2–3 (N.D. Cal. Nov. 22, 2010) (prior lawsuit shares sufficiently similar "factual allegations" to defeat application of local controversy exception where both suits challenge the same contractual provisions); *cf. Serrano v. Bay Bread LLC,* No. 14-CV-01087-TEH, 2014 WL 1813300, at *1 (N.D. Cal. May 6, 2014) (prior wage-and-hour lawsuits do not preclude local controversy application

10
GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

where "the suits involved different violations for different employer policies and practices than those alleged in the instant lawsuit").

Finally, Plaintiff is wrong to suggest that her focus on "protected sexual information" makes this case unique. The plaintiffs in *Frasco v. Flo Health, Inc.* squarely challenge the purported sharing of sexual information, just as Plaintiff does here. *Compare,* Hur Decl., Ex. 1, *Frasco* Compl. ¶¶ 5–14 (class members provided "intimate details about their sexual health" to period-tracking app who allegedly shared the data with software vendors including Google without users' consent), *with* Compl. ¶ 1 (defining "private and protected sexual information" that was shared with Google without consent). Thus, even if this distinction mattered, Plaintiff still could not prove this element of the "local controversy" exception.[4]

### III. Plaintiff's Complaint Alleges Nationwide Conduct and Injuries

Finally, Plaintiff cannot invoke the local controversy exception because this case is premised on nationwide conduct that is not limited to California.

As Plaintiff concedes (*see* Mot. at 8–9), courts within the Ninth Circuit—including in this District—have expressly and repeatedly refused to apply the local controversy exception where the alleged principal injuries are "not limited to California" but stem from nationwide conduct that could "have been suffered by consumers throughout the country." *See, e.g., Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *12 (C.D. Cal. Nov. 21, 2005); *R.A. by & Through Altes v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 834–35 (C.D. Cal. 2019) ("California district courts have consistently refused to remand class actions that

---

[4] In addition, notwithstanding Plaintiff's claims to the contrary (Mot. at 7–8), remand is wholly consistent with the purpose of the similar prior litigation exception. "[T]he purpose of the prior litigation exception is to prevent a situation where there are multiple, uncoordinated, parallel class action proceedings in state court and to instead create a central, federal venue whereby these litigation may be combined." *Alvarez*, 2018 WL 3203086, at *4. Google is already litigating substantially similar actions in federal courts. It makes little sense to have only this action proceed in parallel in state court.

allege solely violations of California law but that are premised on nationwide conduct"); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1045 (N.D. Cal. 2019) (no local controversy where "Coffee-mate was distributed and sold nationwide . . . consequently, [] any damage caused by the conduct of one or more of the defendants occurred nationwide"); *Winn v. Mondelez Int'l*, No. 17-CV-02524-HSG, 2018 WL 3151774, at *4–5 (N.D. Cal. June 28, 2018) (collecting cases).

Plaintiff does not (and cannot) dispute that the conduct at issue is nationwide. She admits that PHE's website "is the largest adult product marketer in the United States" and that Google's provision of Google Analytics expands beyond California. *See,* Compl. ¶ 18; Mot. at 8–9 ("Google is an omnipresent entity . . . [that] has a presence in all states and likely offers the Google Analytics service on websites in other states").

Plaintiff urges the Court to follow the Third Circuit's decision in *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) and other out-of-circuit district courts following it. Mot. at 9–10. The Court should decline Plaintiff's invitation to ignore the weight of authorities in this Circuit. Plaintiff provides no reasoning as to why *Kaufman* is more persuasive; her only argument in its favor is that it would support her preferred outcome. *Id*. This Court should reject that results-oriented theory, as district courts in California have examined *Kaufman* and expressly declined to follow its construction of CAFA. *See, e.g., Beasley*, 379 F. Supp. 3d at 1045 ("the Ninth Circuit has not adopted the *Kaufman* standard") (cleaned up); *Winn*, 2018 WL 3151774, at *4–5 (examining *Kaufman* but declining to follow it because the reasoning of *Kearns* was "more persuasive"); *R.A.*, 406 F. Supp. 3d at 834 (same). The Court should follow the well-reasoned authorities in this Circuit, as "Congress did not intend for plaintiffs to defeat federal jurisdiction by filing essentially national or regional class actions limited to plaintiffs from one state." *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011).

1 | Finally, Plaintiff's contention that "the conduct at issue would not be considered a legal harm in almost any other place in which it occurs" (Mot. at 11) is wholly unsupported. Plaintiff's theory appears to be that because she is asserting a violation of CIPA, a California statute, that is sufficient to establish the "principal injuries" were incurred in California. Plaintiff is wrong. Plaintiff's assertion of a California statutory violation—even on behalf of a California class—does not automatically warrant the application of the local controversy exception. *See Beasley*, 379 F. Supp. 3d at 1044–45 (where defendants' conduct could injure consumers nationwide, plaintiff's "limitation of the putative class and subclass to California citizens does not defeat CAFA jurisdiction," nor does Plaintiff's "choice of statute . . . alter the fact . . . that the harm he attributes to Coffee-mate occurred nationwide").

## CONCLUSION

For the above reasons, Plaintiff's Motion to remand should be denied.

Dated:  March 18, 2024

**WILLKIE FARR & GALLAGHER LLP**

By:  /s/ *Benedict Y. Hur*
Benedict Y. Hur
Simona Agnolucci
Michael Rome
Yuhan Alice Chi
Nadim Houssain

*Attorneys for Defendant Google LLC*

13
GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND