UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 31]

## I.  INTRODUCTION

On January 3, 2024, Jane Doe ("Plaintiff") filed a class action Complaint against PHE, Inc. ("PHE") and Google, LLC ("Google") (collectively, "Defendants") alleging a violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630–638.55 ("CIPA"). (ECF No. 1-1.) On February 7, 2024, the action was removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 31.) For the following reasons, the Court **DENIES** the Motion.

## II.  FACTUAL BACKGROUND

The following facts, unless indicated otherwise, are alleged in Plaintiff's Complaint:

PHE, a company incorporated in North Carolina, operates www.adameve.com (the "Website") which is the "largest adult product marketer in the United States." (Compl. ¶ 18.) Plaintiff used the Website, and PHE disclosed her personal sexual information and IP address to Google through the Google Analytics service. (*Id.* ¶ 22.) Plaintiff consented to neither PHE enabling the Google Analytics service nor the transmission of her private sexual information to Google through the service. (*Id.* ¶ 28.) Plaintiff did not know her private sexual information and IP address would be shared with Google. (*Id.* ¶ 66.)

## III.  JUDICIAL STANDARD

A defendant generally may remove a civil action if a federal district court would have original jurisdiction. *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). CAFA applies to class actions in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc. et al.* | | |

which "the aggregate number of members of all proposed plaintiff classes is 100 or more persons" and the primary defendants are not states, state officials, or other government entities. *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 927–28 (9th Cir. 2015). CAFA grants federal courts original jurisdiction if (1) the aggregate amount in controversy exceeds $5,000,000, (2) the class members amount to at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2).

There are several exceptions to CAFA. One such exception is the local controversy exception. 28 U.S.C. § 1332(d)(2). The local controversy exception aims to "respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes." *Bridewell-Sledge*, 798 F.3d at 928 (quoting S. Rep. No. 109-14, at 39 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3). The local controversy exception is a narrow one, however. *Id.*

The local controversy exception requires a district court to decline federal jurisdiction under CAFA if all the following requirements are met: (1) more than two-thirds of plaintiff class members, in the aggregate, are citizens in the state the action was originally filed; (2) at least one defendant is one (a) from whom significant relief is sought, (b) whose alleged conduct creates a significant basis for the class's claims, and (c) who is a citizen of the state the action was originally filed; (3) the principal injuries resulting from the alleged conduct or related conduct occurred in the state the action was originally filed; and (4) no other class action asserting the same or similar allegations against any defendant has been filed within the three years preceding the filing of the action. 28 U.S.C. § 1332(d)(4)(A). The party seeking remand bears the burden of proving the exception is applicable. *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).

**IV.   DISCUSSION**

In Plaintiff's present Motion to Remand, she argues all the requirements of the local controversy exception are met, and the action should be remanded accordingly. Failing any one requirement is fatal to Plaintiff's Motion. Defendants argue that Plaintiff fails to establish the following three requirements of the local controversy exception: (1) two-thirds of the putative class are citizens of California; (2) the principal injuries from the alleged conduct were incurred in California; and (3) no similar class actions have been filed against a defendant in the past three years. The Court agrees with Defendants.

**A.   Class Citizenship**

State citizenship is determined by a person's domicile, not their residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A domicile is one's "permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Being a mere resident in a state does not necessarily mean one is domiciled in that state. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc. et al.* | | |

To apply the local controversy exception, the movant must show by a preponderance of the evidence that "greater than two-thirds" of the putative class are citizens of California. 28 U.S.C. § 1332(d)(4)(A)(i)(I). When, as is the case here, facts are in dispute, the plaintiff must make some evidentiary showing to satisfy a preponderance standard. *See Mondragon*, 736 F.3d at 883–84. The standard is not met when a plaintiff makes no evidentiary showing of citizenship. *Id.* at 884.

Here, Plaintiff contends the California citizenship requirement is satisfied because the class is "comprised solely of California residents." (Pl.'s Mot. Remand at 5.) The Court disagrees. The citizenship requirement is not satisfied because Plaintiff provides no independent evidence regarding class members' citizenship, and Plaintiff defined the putative class as California residents, not California citizens. *See Aviles v. Quik Pick Express*, LLC, 2015 WL 5601824, at *3 (C.D. Cal. Sep. 23, 2015) (finding that defining a class as "residents" of California is insufficient to establish the class citizenship requirement under the local controversy exception). Accordingly, the class citizenship requirement is not met.

As noted above, the Court may deny Plaintiff's Motion on this ground alone, as failing one requirement precludes application of the local controversy exception. Nonetheless, the Court addresses the other two requirements for the sake of completeness.

### B. Principal Injuries

The local controversy exception also requires that the principal injuries resulting from the defendant's alleged conduct were "incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III). Courts are split in addressing the principal injury requirement of the local controversy exception. In *Kaufman v. Allstate N.J. Ins. Co.*, the Third Circuit held that the principal injury requirement is met so long as the principal injuries from the alleged conduct were incurred in the state of filing. 561 F.3d 144, 156 (3d. Cir. 2009). The Ninth Circuit has not addressed this issue. However, district courts within the Ninth Circuit consistently reject *Kaufman* and hold that the local controversy exception does not apply when the principal injuries are suffered nationwide. *See Kearns v. Ford Motor Co.*, 2005 WL 3967998, at *11 (C.D. Cal. Nov. 21, 2005). Moreover, California district courts have consistently refused to "remand class actions that allege solely violations of California law . . . that are premised on nationwide conduct." *R.A. v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 834 (C.D. Cal. 2019); *Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1045 (N.D. Cal. 2019).

Here, the conduct at issue is PHE's use of Google Analytics, which Plaintiff admits is used "in other states." (Pl.'s Mot. Remand at 8–9.). Users' information is disclosed to Google upon entering the Website, and the Website is not restricted to only California. (*Id.*) Under the California district courts' view, Plaintiff fails to meet the principal injury requirement. Nonetheless, Plaintiff urges the Court to follow the Third Circuit's precedent set forth in *Kaufman* and apply the version of the principal injuries requirement which allows for artificially limiting the scope of the conduct to be within the filing state.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01065-RGK-SK | Date | April 15, 2024 |
|---|---|---|---|
| Title | *Jane Doe v. PHE, Inc. et al.* | | |

However, Plaintiff fails to convince the Court to depart from the numerous California district courts which have routinely held that artificially restricting a nationwide injury to appear purely Californian in nature does not warrant remand. Accordingly, the principal injuries requirement is not met.

  **C. Similar Class Actions**

  The local controversy exception requires that no other class action has been filed asserting the same or similar factual allegations against any defendants within the preceding three years. 28 U.S.C. § 1332(d)(4)(A)(ii).

  Here, Defendants argue there have been class actions within the preceding three years which allege similar factual allegations, and accordingly, the local controversy exception should not apply. Plaintiff argues the prior class actions filed against Google are sufficiently different because the prior cases involved the purported collection of health data and Plaintiff's case involves the purported collection of private sexual preferences and retail history. (Pl.'s Mot. Remand at 5–6.) The Court agrees with Defendants. In *Frasco v. Flo Health, Inc.*, the users of a women's health application similarly alleged that Google violated their privacy rights by collecting "intimate details about their sexual health, menstruation cycles, gynecological health" and questions regarding their private sexual tendencies. (Hur Decl., Ex. 1 ¶ 5, ECF No. 38-2). These allegations are strikingly similar to those alleged by Plaintiff. Thus, Google has had class actions alleging sufficiently similar factual allegations within the preceding three years. Accordingly, the no similar class actions requirement is not met.

  Having found that Plaintiff failed to meet multiple requirements of the local controversy exception, the Court **DENIES** Plaintiff's Motion to Remand.

**V. CONCLUSION**

  For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

  **IT IS SO ORDERED.**

                               :

          Initials of Preparer      JRE/sf